UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:20-cr-00060-MMD-CLB-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MICHAEL BURCIAGA, | |
| Defendant. | |

A grand jury indicted Defendant Michael Burciaga on three counts involving first degree murder within Indian Country, violations of laws protecting unborn children, and domestic assault by a habitual offender for stabbing his pregnant girlfriend—a resident of the Pyramid Lake Indian Reservation—to death, also causing the death of her unborn child. (ECF No. 85.) On March 9, 2023, the United States notified the Court that it does not intend to seek the death penalty in this matter. (ECF No. 68.) Thereafter, counsel for Michael Burciaga requested that the Court continue the representation of learned counsel Andrea Luem. (ECF No. 99 (sealed).[1]) As further explained below, the Court grants the motion to continue the appointment of Ms. Luem but reduces the hourly rate to the prevailing non-capital rate authorized by the Judicial Conference of the United States.

The Guide to Judiciary Policy ("*Guide*") and 18 U.S.C. § 3005 govern the appointment of second counsel when it is determined that the death penalty will not be sought. Section 18 U.S.C. § 3005 does not require the district court to continue the appointment of second counsel. *See United States v. Waggoner*, 339 F.3d 915, 919 (9th Cir. 2003). However, when there are "extenuating circumstances," the Court may continue the representation of second counsel. *Guide*, Vol. 7A, § 630.30.20(a). The

---

[1]The motion was filed under seal and the Court will permit the motion to remain sealed to protect privileged information from disclosure.

decision to continue the representation of second counsel "is left to the sound discretion of the district court, taking into consideration the circumstances of each case." *United States v. Steel*, 759 F.2d 706, 710 (9th Cir. 1985).

"In deciding whether there are extenuating circumstances, the Court should consider the following factors: (1) the need to avoid disruption of the proceedings; (2) whether the decision not to seek the death penalty occurred late in the litigation; (3) whether the case is unusually complex; and (4) any other factors that would interfere with the need to ensure effective representation of the defendant." *Guide*, Vol. 7A, § 630.30.20(b).

Here, the Court agrees with Burciaga that extenuating circumstances exist justifying the continued appointment of Ms. Luem for the reasons presented in the motion. In addition, the Court wishes to avoid further delaying the trial, and granting the motion will help ensure the case will proceed to trial as scheduled.

It is therefore ordered that Burciaga's request to continue appointment of learned counsel Andrea Luem (ECF No. 99) is granted.

It is further ordered that the hourly rate of compensation for Ms. Luem shall revert to the current non-capital rate following the entry of this order.

DATED THIS 26th Day of April 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE