UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:20-cr-00060-MMD-CLB-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MICHAEL JOSHUA BURCIAGA, | |
| Defendant. | |

**I.   SUMMARY**

A grand jury indicted Defendant Michael Joshua Burciaga on three counts involving first degree murder within Indian Country (on the Pyramid Lake Indian Reservation), violations of laws protecting unborn children, and domestic assault by a habitual offender for stabbing his pregnant girlfriend to death, also causing the death of her unborn child. (ECF No. 85.) This case is fast approaching trial. (ECF No. 93.) Before the Court are the parties' motions in limine.[1] (ECF Nos. 139, 140, 141, 142.) The Court held a hearing focusing on Mr. Burciaga's motion to bifurcate the upcoming trial. (ECF No. 165 (the "Hearing").) As further explained below, the Court will grant Mr. Burciaga's motion to bifurcate the trial, but deny the other three pending motions.

**II.   DISCUSSION**

A motion in limine is a procedural mechanism to limit testimony or evidence in a particular area in advance of trial. *See U.S. v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009). It is a preliminary motion whose outcome lies entirely within the discretion of the Court. *See Luce v. U.S.*, 469 U.S. 38, 41-42 (1984). And as the Court stated at the Hearing, the Court's rulings on motions in limine are provisional. *See Ohler v. U.S.*, 529

---

[1]The Court also reviewed the parties' responses. (ECF Nos. 149, 152, 154, 155.) The Court determined replies were unnecessary.

U.S. 753, 758 n.3 (2000) (stating that such "rulings are not binding on the trial judge . . . [who] may always change h[er] mind during the course of a trial."). The Court addresses below each of the four pending motions in limine in the order they were filed.

## A. ECF No. 139

The government moves in limine to preclude Mr. Burciaga from introducing any of the statements he made to FBI Special Agent Cassie Taylor in a videorecorded interrogation at Renown Regional Medical Center (the "Hospital") the morning after the alleged offense conduct. (ECF No. 139.) These statements were also the subject of a motion to suppress that the Court denied. (ECF No. 147.) Mr. Burciaga counters in pertinent part that the Court may wish to defer ruling on this motion until trial like the Court did in *United States v. Bryan*, Case No. 3:19-cr-00060-MMD-WGC-1, ECF No. 120 (D. Nev. Jun. 9, 2021). (ECF No. 154 at 10.) The Court agrees with Mr. Burciaga on this point.

As Mr. Burciaga argues, the Court will be in a better position to accurately evaluate whether to admit any exculpatory statements Mr. Burciaga made to Agent Taylor at the Hospital once it becomes clear whether: (1) the government will introduce any inculpatory statements from the same video evidence;[2] and (2) Mr. Burciaga will testify. (*Id.* at 2 ("Moreover, should Mr. Burciaga testify, he will be subjected to cross-examination, thus overcoming the government's objections, to the extent any have merit.").) The Court also agrees with Mr. Burciaga that its pertinent decision in *Bryan*, Case No. 3:19-cr-00060-MMD-WGC-1, ECF No. 120, is applicable to the circumstances presented by the government's motion and further counsels in favor of deferring a ruling on the government's motion. The government's motion is accordingly denied without prejudice to renewal by the government's counsel at trial.

## B. ECF No. 140

Mr. Burciaga first moves to preclude the minor children of the alleged victim, who witnessed the alleged offense conduct, from testifying at trial, or, alternatively, for a

---

[2]The government has not decided yet. (ECF No. 139 at 2, 2 n. 2.)

2

1  hearing to determine their competency. (ECF No. 140 at 1.) He argues they no longer
2  remember what happened the night of the alleged offense conduct because of a note that
3  the government disclosed in discovery stating that their grandmother and guardian 'had
4  concerns about the children testifying' and that the eldest of the three, "did not really
5  remember anything." (*Id.* at 2 (citing ECF No. 140-1).) The government counters that this
6  motion is speculative—at best—and should be denied. (ECF No. 149 at 1.) The children's
7  attorney moved to join the government's response,[3] stating that she, "has met with D.D.,
8  A.D., and E.D, and believes there are no concerns related to their competency to testify
9  at the trial in this case." (ECF No. 153 at 2.) The Court agrees with the government.

10  Child witnesses are presumed competent, *see* 18 U.S.C. § 3509(c)(2), and the
11  Court may only conduct a competency evaluation of a child witness if "compelling
12  reasons" exist following a written motion and offer of proof from the party requesting the
13  evaluation, *see id.* §§ (c)(3), (4). The Court does not find such compelling reasons exist
14  here.

15  Indeed, the Court agrees with the government that Mr. Burciaga's argument does
16  not even logically follow from the evidence it is based on. (ECF No. 149 at 4.) Nor does
17  the exhibit attached to Mr. Burciaga's motion constitute the sort of offer of proof that the
18  Court would find gave it compelling reasons to hold a competency hearing. The exhibit
19  states that the child witnesses' grandmother and guardian, "disclosed that she has
20  concerns about the children testifying and that [the eldest child witness] did not really
21  remember anything." (ECF No. 140-1 at 2.) This does not support Mr. Burciaga's
22  argument that the "children have no independent recollection, or otherwise may lack
23  sufficient personal knowledge, of the incident." (ECF No. 140 at 2.) It instead appears to
24  the Court that the child witnesses' grandmother only stated that one of the three child
25  witnesses, the eldest, did not really remember anything. It does not necessarily follow
26  that her concerns about the children testifying are because all three of them are having

---

[3] Good cause appearing, the motion for joinder is granted. (ECF No. 153.)

3

trouble remembering, as Mr. Burciaga suggests. In addition, Mr. Burciaga's motion does not even address the compelling reasons standard of 18 U.S.C. § 3509(c).

Further, the evidence before the Court suggests that the child witnesses are competent. Specifically, the Court reviewed the exhibits the government submitted with its response consisting of recordings of the 911 call from the night of the alleged offense conduct and videorecorded interviews of all three child witnesses from the day after the alleged offense conduct. The eldest child is the primary person who spoke with the 911 dispatchers on the recorded calls as the alleged offense conduct was occurring. All three children remembered the alleged offense conduct when they were interviewed the following day. The government further represents that its counsel spoke with all three child witnesses within the past few weeks and have no questions or concerns regarding their competency. (ECF No. 149 at 3.) And while this is perhaps less probative than, say, more video recorded interviews from this past week, the government's representation is consistent with the child witnesses' counsel's representation regarding their competency. (*Compare id. with* ECF No. 153.) The Court also assigns weight to the child witnesses' counsel's representation that she has no concerns about their competency. (ECF No. 153.) Overall, the Court weighs all of this evidence against an unsupported argument based on the transcription of a single statement from the child witnesses' grandmother and guardian and determines that the totality of the evidence before the Court shows the child witnesses are competent to testify.

The Court also makes a couple of additional observations. First, Mr. Burciaga's motion ignores that he will already have the right to cross examine the child witnesses when they testify at trial. He can test their recollections then. Second, Mr. Burciaga's motion ignores the potentially traumatic impact of forcing the child witnesses to come into Court to face hostile questioning about their recollection of the violent death of their mother an additional time. This is noteworthy because, as explained above, the motion lacks both legal and evidentiary support. Mr. Burciaga's motion to preclude testimony or for a competency hearing is denied.

### C. ECF No. 141

Mr. Burciaga next moves to bifurcate the trial such that the jury first hears all the evidence on Counts One and Two before hearing evidence and deciding whether the defendant is guilty of Count Three. (ECF No. 141 at 1.) "Permitting the government to elicit evidence that Mr. Burciaga is a habitual domestic offender with four prior convictions for the same type of conduct is sure to distort the jury's view of Mr. Burciaga's guilt on Count One and Count Two." (*Id.* at 3.) The government counters that the underlying facts of Mr. Burciaga's prior convictions are separately admissible under Fed. R. Evid. 404(b) and that Mr. Burciaga underestimates the scope of the Count Three evidence that may be presented—and offers the Court an alternative to bifurcation. (ECF No. 152 at 1-2, 6-7.) However, the Court agrees with Mr. Burciaga and will bifurcate the trial as further explained below.

Rule 14 permits the Court to order separate trials or "provide any other relief that justice requires" if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The rule "does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). And "Rule 14 sets a high standard for a showing of prejudice." *United States v. Vasquez-Velasco,* 15 F.3d 833, 846 (9th Cir. 1994). But the Court may sever counts if joinder is manifestly prejudicial, including where, "the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged[.]" *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987) (quoting *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964)).

The Court agrees with Mr. Burciaga that the jury may infer evidence of his guilt on Counts One and Two from evidence introduced as part of the government's case on Count Three. Specifically, the Court finds that the suggestion from the title of the charged offense that Mr. Burciaga is a habitual domestic assault offender could reasonably cause the jury to infer that he killed the alleged victims (as pertinent to Counts One and Two) in

5

a domestic dispute, because even the name of the charged offense suggests that he has a propensity for domestic violence.

In addition, the parties' stipulation as to prior convictions includes one conviction from Minnesota. (ECF No. 136 at 2.) For this reason, the government's argument that the facts underlying Mr. Burciaga's prior convictions are separately admissible under Fed. R. Evid. 404(b) is not quite right. (ECF No. 152 at 4 (making the argument).) To elaborate, the government states in its response to Mr. Burciaga's motion in limine regarding Rule 404(b) evidence that it is withdrawing its notice of intent to introduce the four domestic assaults against Mr. Burciaga's ex-girlfriend in Minnesota (ECF No. 155 at 1 n.1), leaving only Rule 404(b) evidence regarding the alleged victim in Nevada (ECF No. 142-1 at 3). But if the Court does not bifurcate the trial of Count Three, jurors will see that Mr. Burciaga was convicted of domestic violence in another state, and infer that it was against a different woman than the alleged victim. This could reasonably, in turn, suggest that he was more likely to have killed the alleged victim in a domestic dispute because he was convicted of domestic violence against at least one other woman. And during the Hearing government's counsel acknowledged that evidence of the Minnesota conviction, which would not be admissible as to Counts One and Two, could result in prejudice to Mr. Burciaga without bifurcation.

For these two reasons, trial of all three counts at the same time would appear to prejudice Mr. Burciaga. And the Court finds that the relief requested—bifurcation of the trial so that Count Three is presented to the jury after a verdict on the first two counts—is appropriate to address this prejudice. The Court will accordingly bifurcate the trial so that both sides will present all of their evidence on Counts One and Two and then the jury will deliberate. After the jury has reached a verdict on Counts One and Two, trial will recommence on Count Three. During this second phase of the trial, the parties may refer to any evidence admitted during the first phase of the trial, as well as present additional evidence (*e.g.*, evidence of the Minnesota conviction for domestic assault). For this reason, the second phase of the trial should not be lengthy, and taking this approach

1 should not drastically lengthen the time of the trial overall. At the conclusion of the second
2 phase of the trial, the jury will then deliberate on Count Three.

3     The Court encourages the parties to work together to streamline voir dire
4 questions, their statements of the case, and their presentations of evidence to make this
5 bifurcated trial approach as comprehensible to jurors and efficient as possible.

### D. ECF No. 142

Mr. Burciaga finally moves in limine to preclude the government from attempting to introduce prior acts numbers five through eleven (ECF No. 142-1 at 3)[4] because they are not admissible under Rule 404(b) and are not inextricably intertwined with the charged offenses. (ECF No. 142.)[5] The government counters that prior acts numbers five through eleven (ECF No. 142-1 at 3) are necessary to prove Mr. Burciaga's motive and intent, both of which Mr. Burciaga has put at issue in this case. (ECF No. 155 at 3 (citing ECF No. 94 in pertinent part).) The Court agrees with the government.

"Other acts of domestic violence involving the same victim are textbook examples of evidence admissible under Rule 404(b), and courts have permitted this evidence under a variety of theories." *United States v. Berckmann*, 971 F.3d 999, 1002 (9th Cir. 2020). The *Berckmann* court went on to explain that prior acts of violence against the identical victim can shed light on the mindset of the defendant during the charged crime to clarify motive, and illustrate the history of the relationship between the defendant and the alleged victim, which speaks to the defendant's intent. *See id.* And the *Berckmann* court ultimately affirmed the district court's decision to admit evidence of prior domestic assaults against the same victim. *See id.* at 1004.

*Berckmann* controls the outcome here. Count One is a specific intent crime, and Mr. Burciaga has signaled he intends to contest intent. (ECF No. 155 at 4.) Like in

---

[4]As noted, the government no longer intends to introduce the prior act evidence regarding T.F. (ECF No. 155 at 1 n.1.)

[5]Mr. Burciaga's counsel requested an additional hearing on the evidence at issue in this motion at the Hearing. The Court denies that request as it finds an additional hearing unnecessary in light of its agreement with the government's argument in response to the motion.

*Berckmann*, past acts five through eleven illustrate the history of the relationship between Mr. Burciaga and the alleged victim, which speaks to his intent. *See* 971 F.3d at 1002; *see also id.* at 1003 ("[The defendant] contested intent at trial, making proof of his intent from these other incidents fair game."). Indeed, even Mr. Burciaga separately argues (in his bifurcation motion) that, "Count One and Count Two essentially allege that Mr. Burciaga killed [the alleged victim] during a domestic dispute." (ECF No. 141 at 3.) Past acts five through eleven illustrate the history of the relationship at the core of this case.

The Court also rejects Mr. Burciaga's argument based on Fed. R. Evid. 403. (ECF No. 142 at 6.) Again like in *Berckmann*, the evidence of Mr. Burciaga's prior attacks on the alleged victim are probative of his intent on the night of the alleged offense conduct. *See* 971 F.3d at 1004. And the Court will give a limiting instruction to further mitigate any prejudice. *See id.* (sanctioning this approach). In sum, Mr. Burciaga's motion regarding purported Rule 404(b) evidence is denied.

### III. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the government's motion in limine (ECF No. 139) is denied without prejudice as specified herein.

It is further ordered that Mr. Burciaga's motion in limine regarding witness competency (ECF No. 140) is denied as specified herein.

It is further ordered that Mr. Burciaga's motion in limine regarding bifurcation (ECF No. 141) is granted as specified herein.

It is further ordered that Mr. Burciaga's motion in limine regarding purported 404(b) evidence (ECF No. 142) is denied as specified herein.

///

///

It is further ordered that the minor witnesses' motion for joinder to the government's response to Mr. Burciaga's motion regarding competency (ECF No. 153) is granted.

DATED THIS 24th Day of May 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE